UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRSTEN A. BACIGALUPO, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civ. No.: 25-40065-MRG |
| JOHN M. WOZNIAK, et al. | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**
December 22, 2025

**GUZMAN, D.J.**

*Pro se* plaintiffs Kristen A. Bacigalupo ("Bacigalupo") and Christopher J. Carr ("Carr") and (together "Plaintiffs") commenced this action by filing a complaint against Attorney John M. Wozniak, the Worcester Probate and Family Court, and Probate Intake Officer David Cormier. Since that time, Plaintiffs have filed five amended complaints [ECF Nos. 7, 22, 25, 26, 27], bringing the number of defendants to twenty-five. They have also filed five motions for emergency relief and various other papers.

Plaintiffs' excessive filings have ballooned the docket to the point that it is unmanageable. Unwittingly, Plaintiffs have obstructed the very proceedings they attempt to advance. Because Plaintiffs are representing themselves, the Court affords them some leeway. However, "the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." Triantos v. Guatta & Benson, LLC, 91 F.4th 556, 562 (1st Cir. 2024) (quoting Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)). With a view to clearing a path for the case to properly go forward, the Court orders as follows.

1.   **Filing Fee.**

The filing fee for a civil action is $405. If Plaintiffs wish to proceed with this action, they must either pay the fee or file separate Applications to Proceed in District Court Without Prepaying Fees or Costs (also referred to as a motion for leave to proceed *in forma pauperis*). **Failure to do so within 21 days may result in dismissal of this action.** The Clerk shall provide Plaintiffs with the Application. This form (AO240) is also available online at https://www.mad.uscourts.gov/resources/pdf/forms/AO240.pdf.

2.   **The Third, Fourth, Fifth, and Sixth Amended Complaints [ECF Nos. 22, 25, 26, 27] are STRIKEN from the docket.**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff is permitted to amend their complaint once without permission of the Court. After that, must ask the Court for permission to file another amended complaint.

3.   **Filing of another Amended Complaint.**

Plaintiffs may file another amended complaint if they wish to assert claims that are not included in the amended complaint they filed on July 7, 2025 (which should have been titled "First Amended Complaint"). They have 30 days from the date of this order to do so. Any amended complaint always supersedes—or completely replaces—the earlier versions of the complaint. So, Plaintiffs must include in the amended complaint all the claims they wish to assert in this action.

If Plaintiffs do not file an amended complaint by that deadline, the amended complaint they filed on July 7, 2025, will be the operative complaint. Once the deadline for filing another amended complaint passes or Plaintiffs have filed the amended complaint, whichever comes first, the Clerk will amend the docket so that the defendants identified on the docket are those named as defendants in the operative complaint.

The complaint (or amended complaint) must contain a "short and plain" statement of the claim that shows Plaintiffs are entitled to relief.  Fed. R. Civ. P. 8(a).  The allegations do not need to be detailed, but they must give sufficient notice to the defendants of the claims against them.  In addition, Plaintiffs cannot "improperly join" defendants.  In other words, when a complaint is brought against multiple defendants, there must be at least one claim that is common to all of them.  See Fed. R. Civ. P. 20(a)(2).

4.         **Excluded Claims**

Plaintiffs have included many claims that in their pleadings that fail as a matter of law.  To promote judicial economy and the advancement of this case, the Court identifies a few such claims so that neither the parties nor the Court will need to spending time addressing them.

a.       **Claims Against the Commonwealth of Massachusetts.**

The Commonwealth of Massachusetts (including its agencies and departments, including the Worcester Probate and Family Court and the Department of Children and Families) has Eleventh Amendment immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity.  See Virginia Off. for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).  ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.").  Here, the Court cannot identify any claim raised by Plaintiffs for which the Commonwealth has waived, or Congress has abrogated, the state's sovereign immunity.

b.       **Claims under the Administrative Procedures Act, 5 U.S.C. §§ 551-559**

This is a federal statute concerning the operations of federal administrative agencies (for example, the Social Security Administration).  It does not have any application here.

c.       **Challenges to State Court Decisions.**

This Court does not have jurisdiction to be adjudicate "de facto" appeals of state court judgments, even when a plaintiff alleges that the state court proceedings violated their federal rights.

### d.   Interference in State Court Proceedings.

Except in very rare circumstances that do not appear to be present in this case, a federal district court does not have jurisdiction to interfere in state court proceedings, even where a plaintiff alleges a violation of federal rights.

**5.   The motions for injunctive relief [ECF Nos. 8, 9, 10, 11, 15] are DENIED.**

The Court does not have jurisdiction to stay or otherwise directly involve itself in the state court probate and family court proceedings.  The Court does not order criminal investigations.

**6.   In light of the above, the Motion to Strike and Dismiss [ECF No. 29] shall be terminated as moot.**

**So Ordered.**

                                              /s/ Margaret R. Guzman
                                              MARGARET R. GUZMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 22, 2025